# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | **Case No. 25-00328-ELG** |
|     **Anglin Consulting Group, Inc.,** | **Chapter 11** |
|         **Debtor.** | |
| **Anglin Consulting Group, Inc.,** | **Adv. Pro. 25-10032-ELG** |
|         **Plaintiff,** | |
|         **v.** | |
| **GovCon Fund, LP, et al.,** | |
|         **Defendants.** | |

## SECOND ORDER COMPELLING COMPLIANCE WITH
## <u>COURT-APPROVED SETTLEMENT AGREEMENT</u>

On September 4, 2025, the United States Bankruptcy Court for the District of Columbia (the "Court") entered an *Order Appointing Judicial Mediator*, whereby the undersigned (the "Arbitrator") was appointed as a judicial mediator and specifically authorized to enter any orders necessary in furtherance of his settlement efforts.

The mediation resulted in the execution of a settlement agreement (the "Settlement Agreement") by and among Anglin Consulting Group, debtor-in-possession in the above-captioned case (the "Debtor" or "ACG"), Yashieka Anglin ("Ms. Anglin"), and GovCon Fund, LP and GovCon Fund II, LP. Ms. Anglin executed the Settlement Agreement on behalf of the Debtor and in her individual capacity. By Order entered on November 20, 2025, the Court approved the Settlement Agreement.

Section 8(b) of the Court-approved Settlement Agreement provides:

> The parties agree to submit any disputes arising from or in connection with (i) this Term Sheet, (ii) any settlement agreement arising from or in connection with this Term Sheet, and/or (iii) the preparation or interpretation of any documentation in furtherance of this Term Sheet (including a settlement agreement incorporating the

Term Sheet's terms) to the Arbitrator for binding arbitration, with the prevailing party awarded its fees (including reasonable attorneys' fees), costs, and expenses incurred in connection therewith.

The Settlement Agreement named the undersigned as the Arbitrator. *See* Settlement Agreement § 2(a).

On April 6, 2026, the Arbitrator entered an *Order Compelling Compliance with Court-Approved Settlement Agreement* [ECF No. 53], whereby the Arbitrator ordered Ms. Anglin, on behalf of the Debtor, to execute the subcontract immediately. On April 8, 2026, Ms. Anglin, on behalf of the Debtor, executed the *Subcontract Agreement (Subcontract No. Sub-W912CH25PA008)* (the "Subcontract"), which Subcontract became effective on April 9, 2026.

Notwithstanding executing the subcontract on behalf of ACG, Ms. Anglin has directed ACG not to comply with the terms of the subcontract and, as such, Ms. Anglin and ACG are each in default of the subcontract and the Settlement Agreement. Ms. Anglin and ACG are also in violation of the *Order Compelling Compliance with Court-Approved Settlement Agreement* [ECF No. 53].

In light of the foregoing and as is necessary to further his settlement efforts, the Arbitrator **ORDERS**:

1.      Ms. Anglin, on behalf of the Debtor, must immediately comply with the terms of the Subcontract, including but not limited to, effectuating the transition of the three employees to Blackfish Federal, LLC ("Blackfish"). .

2.      To the extent that the Debtor remains in default of the Subcontract, beginning at 5:00 P.M. on April 17, 2026, Ms. Anglin, in her individual capacity, shall be sanctioned in the amount of $50 per day per employee who has not been transitioned to Blackfish. Such sanctions

shall be payable to Blackfish in accordance with the instructions set forth in Section 8(d) of the Subcontract.

3. On April 23, 2026, at 10:00 a.m., the Arbitrator will convene a further virtual hearing to determine whether the Debtor and Ms. Anglin remain in default of the Settlement Agreement. If at the hearing the Arbitrator finds that the Debtor and Ms. Anglin have not fully complied with the terms of the Settlement Agreement, then the Arbitrator will determine what additional sanctions including an assessment of attorneys' fees to impose against Ms. Anglin personally and the Debtor for their breach of the Settlement Agreement, their breach of the Subcontract, their contemptuous conduct, Ms. Anglin's possible defalcation while acting in a fiduciary capacity, and/or for breach of her fiduciary duties. The Arbitrator will also consider whether to recommend to the Court the appointment of a Chapter 11 trustee.

Dated:    April 17, 2026                              /s/ Kevin R. Huennekens
                                                      UNITED STATES BANKRUPTCY JUDGE

Copies to: Recipients of electronic notice.